**NOT FOR PUBLICATION**

RECEIVED
AUG 03 2012
AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLS, O'NEILL & MELLK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-3078 (JAP) |
| | ) | |
| LINE ROTHMAN and GLAMOURMOM, LLC | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| Defendants/Counterclaim | ) | |
| Plaintiffs/Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLS, O'NEILL & MELLK, ARNOLD M. | ) | |
| MELLK, ESQ., ALAN G. JACOBSON, ESQ., | ) | |
| JOHN F. SWEENEY, ESQ., and EVELYN | ) | |
| G. HEILBRUNN, ESQ. | ) | |
| | ) | |
| Defendants on the Counterclaim/ | ) | |
| Third-Party Defendants. | ) | |

**PISANO, Judge**

   This matter comes before the Court upon a Motion for Reconsideration by Third-Party

Plaintiffs Line Rothman and Glamourmom, LLC (collectively "Plaintiffs"). (DE 79.) Third-

Party Defendants Wills, O'Neill & Mellk, Arnold M. Mellk, Allan Jacobson, John F. Sweeney,

and Evelyn G. Heilbrunn (collectively "Defendants") oppose the Motion. (DE 80, 81.) The

Court has considered the parties' submissions and decided the matter without oral argument

pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will

deny the Motion for Reconsideration.

## I.    BACKGROUND

Over twelve years ago, Line Rothman developed an idea to make a nursing tank top.  See

Rothman v. Target Corp., 556 F.3d 1310, 1314 (Fed. Cir. 2009).  Through counsel Allan

Jacobson, she obtained U.S. Patent No. 6,855,029 ("'029 patent"), and created Glamourmom,

LLC to produce, market, and sell the nursing garment.  Id. at 1316; (Defs. Statement of Material

Facts ¶ 30, DE 41-8 (hereinafter "Defs. SMF").  Plaintiffs filed a lawsuit in 2005 in the District

of New Jersey against several garment companies alleging infringement of the '029 patent

("Underlying Litigation").  See Rothman, 556 F.3d at 1314.  Arnold M. Mellk of the law firm

Wills, O'Neill & Mellk ("Mellk Defendants") originally served as counsel to Plaintiffs, with Mr.

Jacobson as co-counsel.  (Defs. SMF ¶ 31.)  Then, in March 2007, Plaintiffs retained Cowan,

Leibowitz, & Latman, P.C. ("Cowan Firm") to serve as lead counsel, and Plaintiffs filed an

amended complaint; but the Cowan Firm later withdrew as counsel, and John F. Sweeney and

Evelyn G. Heilbrunn, both of the law firm Morgan & Finnegan, LLP, entered an appearance on

behalf of Plaintiffs.  (Id. ¶¶ 36, 39, 40.)

After a ten-day trial, a jury found that all defendant garment companies except one

infringed the '029 patent, but that the '029 patent was invalid as anticipated and obvious.  See

Rothman, 556 F.3d at 1314.  The jury further found that another person invented the subject

matter of the '029 patent before Mrs. Rothman did and that the '029 patent was unenforceable

due to inequitable conduct before the U.S. Patent and Trademark Office. Id.  After trial,

Plaintiffs filed several motions for judgment as a matter of law, but each was denied, and the

district court awarded costs and fees to the defendant garment companies.  Id.

Plaintiffs appealed the denial of their motions to the Court of Appeals for the Federal

Circuit ("Federal Circuit").  Id.  In reviewing the district court's decision, the Federal Circuit

2

applied the standard for a motion for judgment as a matter of law, which may be granted only if

"the non-moving party has benefited from a full hearing on the issue during a jury trial, and

where a reasonable jury would not have a legally sufficient evidentiary basis to find for the non-

moving party on that issue." Id. (citing Fed. R. Civ. P. 50(a)). Thus, the Federal Circuit

"review[ed] [the] jury's conclusions on . . . a question of law, without deference, and the

underlying findings of fact, whether explicit or implicit with the verdict, for substantial

evidence." Id. at 1317. Applying that standard, the Federal Circuit affirmed the district court's

denial of judgment as a matter of law on the issue of obviousness,[1] id. at 1322, and reversed the

jury's finding of inequitable conduct, id. at 1327, 1328.

Plaintiffs' original counsel in the Underlying Litigation, Wills, O'Neill & Mellk, filed a

Complaint to recover attorney's fees from Mrs. Rothman and Glamourmom, LLC in the Superior

Court of New Jersey, Law Division, Mercer County on November 19, 2009. (Amended

Memorandum Opinion at 8, DE 76.) Plaintiffs answered and included a Third-Party Complaint

alleging, among other things, negligence and legal malpractice. (Id.) The action was removed

by John Sweeney to the United States Bankruptcy Court for the District of New Jersey on April

5, 2010 because his employer during the Underlying Litigation, Morgan & Finnegan, LLP, was

seeking Chapter 7 bankruptcy protection. (Galligan Cert., Ex. N; DE 41-5.) The parties

consented to the transfer of the case to this Court on February 25, 2011. (Galligan Cert., Ex. O;

DE 41-6.)

---

[1] In affirming obviousness, the Federal Circuit declined to address anticipation, prior
inventorship, or infringement of the '029 patent. Rothman, 556 F.3d at 1322.

3

Defendants moved for summary judgment to dismiss the Third-Party Complaint on November 23, 2011.[2] (DE 41.) The motion for summary judgment was filed pursuant to an order entered on November 3, 2011 by Magistrate Judge Lois H. Goodman, which provided as follows:

> By letter dated October 7, 2011 [Docket Entry No. 33], various of the parties seek leave to file dispositive motions with regard to the impact of the Federal Circuit's ruling in the matter underlying this action, Rothman v. Target Corp, et al., 566 F.3d 1310 (Fed. Cir. 2009). Third Party Plaintiffs responded by letter dated October 20, 2011, stating that they believe the motion would be unsuccessful but also acknowledging that it might simplify the discovery issues in this complex malpractice action. Accordingly, the Court agrees that dispositive motions on that issue would be appropriate at this time, and should be filed no later than November 23, 2011, to be returnable December 19, 2011.

(Letter Order; DE 36.) Plaintiffs submitted a brief in opposition to the motion for summary judgment on January 24, 2012. (DE 51.) The Mellk Defendants and Mr. Jacobson each submitted briefs in support of summary judgment February 13th and 14th, 2012, (DE 56, 59), and Mr. Sweeny and Ms. Heilbrunn submitted a brief in reply on February 14, 2012, (DE 62).

Accordingly, the Court considered Plaintiffs' legal malpractice claims, mindful of the scope set forth in Judge Goodman's Letter Order, and issued a Memorandum Opinion and Order on May 16, 2012, (DE 73, 74), as amended on May 21, 2012, (DE 76, 77). The Court held that the Federal Circuit's finding of no inequitable conduct precluded Plaintiffs' claims against Mr. Jacobson, (Amended Memorandum Opinion at 20-21; DE 76), and that the Federal Circuit's analysis of the '029 patent and decision that the '029 patent is invalid as obvious demonstrated

---

[2]  Summary judgment motions were filed by Mr. Jacobson and the Mellk Defendants on November 22, 2011 and November 23, 2011, respectively; but those motions were terminated by Judge Goodman as outside the scope of the order allowing dispositive motions limited to the impact of the Federal Circuit's ruling in Rothman v. Target Corp, et al., 566 F.3d 1310 (Fed. Cir. 2009).

conclusively that Plaintiffs could not prove the causation element of their malpractice claims against Mr. Sweeney, Ms. Heilbrunn, and the Mellk Defendants, (id. at 13-19). The Court therefore granted the motion for summary judgment, dismissed the legal malpractice and negligence claims, and remanded the remaining state law claims. (See Amended Order; DE 77.)

Plaintiffs are now before the Court seeking reconsideration of the Amended Memorandum Opinion and Amended Order granting summary judgment in favor of Defendants. Plaintiffs submitted an opening brief on May 30, 2012. (DE 79.) On June 18, 2012, Ms. Heilbrunn and Mr. Sweeney filed a brief in opposition, (DE 80), and on June 19, 2012, the Mellk Defendants submitted a brief in opposition, (DE 81).

## II.    LEGAL STANDARD AND ANALYSIS

Local Rule 7.1(i) governs motions for reconsideration and requires the moving party to "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" Reconsideration is an extraordinary remedy that is appropriate only when one of the following three grounds for relief is established: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Database America, Inc. v. Bellsouth Advertising & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (citation omitted). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). "Not only are such motions not a substitute for the appellate process, such motions are not an opportunity to argue what could have been, but was not, argued in the

original set of moving and responsive papers." <u>Bowers v. NCAA</u>, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

In their Motion for Reconsideration, Plaintiffs do not rely on an intervening change in controlling law or newly available evidence. Therefore, the only remaining basis for reconsideration is the need to correct a clear error of law or prevent manifest injustice, although Plaintiffs do not actually rely on this ground. Plaintiffs request reconsideration because (1) the Court appears to have granted summary judgment motions that were withdrawn, and (2) there was confusion regarding the proper scope of the summary judgment motion. (Pls. Br. at 3; DE 79-1.) The Court will address these two arguments in turn.

First, the Court granted the only motion for summary judgment that was pending. This is plainly reflected in the Court's Amended Order, which grants the motion for summary judgment, reflected in docket entry number 41. (<u>See</u> Amended Order at 2; DE 77.) The Court did not consider the withdrawn motions reflected in docket entry numbers 39 and 40, other than to note the briefs filed in those withdrawn motions. (<u>See</u> Amended Memorandum Opinion at 9; DE 76.) Accordingly, the Court rejects the first of Plaintiffs' grounds for its Motion for Reconsideration.

Second, Plaintiffs' confusion over the scope of summary judgment is not a recognized basis for reconsideration. <u>See</u> <u>Buffa v. New Jersey State Dept. of Judiciary</u>, 56 Fed. Appx. 571, 575 (3d Cir. 2003) (finding that motions for reconsideration "[d]o not permit a Court to rethink its previous decision, rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but overlooked." (citation omitted)). Plaintiffs cite neither dispositive factual matters nor controlling decisions of law in their Motion. Rather, Plaintiffs assert that they did not consent to the filing of a summary judgment motion but rather agreed only to a dispositive motion, in the form of a motion to

6

dismiss, limited to the issue of whether the Federal Circuit's adjudication of Plaintiffs' appeal barred their malpractice claims as a matter of law.  (Pls. Br. at 1.)  But Judge Goodman's Letter Order did not limit the parties to a motion to dismiss or limit the scope of the motion as Plaintiffs suggest; the Letter Order allowed "dispositive motions with regard to the impact of the Federal Circuit's ruling in the matter underlying this action[.]"  (See Letter Order; DE 36.)  Plaintiffs' misunderstanding of or confusion as to the Court's scope of analysis in granting summary judgment are not grounds for reconsideration.

## III.    CONCLUSION

For the reasons above, the Court denies the Motion for Reconsideration.  An appropriate Order is filed herewith.

Dated:  August 3 , 2012

_____
United States District Judge